[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGMENT ATTACHMENT (COL. 10 — WRITE ON "B" — FEBRUARY 25, 02)
Argument was heard, testimony taken, and exhibits offered and examined on February 25, 2002. Additionally, the court has carefully read the entirety of the deposition testimony of apportionment defendant, Richard Artymowski, secured on December 18, 2001, and Gazo v. Stamford,255 Conn. 245 (2001).
The plaintiff, on July 18, 2000, was visiting his sister, the defendant, Bertha Haslam, and was using a deck built by Artymowski in 1995. The deck collapsed and the plaintiff sustained significant personal injuries as a result of a fall eight (8) plus feet to the ground. Haslam is insured under a $300,000 liability policy; no reservation of rights or disclaimer has been issued. This is a premises liability case which poses a substantial issue of notice as to that homeowner. Artymowski testified at deposition he was insured at the time of the incident though he offered no evidence — nor was any adduced at the hearing — as to the identity of the carrier or the amount of the coverage. There was evidence offered of negligent construction.
Our Supreme Court has held that a contractor owes a legal duty to a plaintiff-user if an ordinary person in that contractor's position knew or should have known that harm of the general nature sustained was likely to result (the foreseeability analysis test) and, as a matter of public policy, it is appropriate to extend the contractor's responsibility for his alleged negligent conduct to the particular consequences of that particular plaintiff (public policy test). 255 Conn. 245. The Court inGazo reversed the trial court's granting of the independent contractor's motion for summary judgment, which judgment was premised on a finding the snow removal contractor owed no duty to the injured plaintiff. Though the Court concluded a party (property owner) could not absolve itself of legal liability under the nondelegable duty doctrine, "it is not a necessary implication of the nondelegable duty doctrine that the contractor to whom the performance of the duty has been assigned may not, under appropriate circumstances, also owe the same duty to a party injured by its breach." Id., at 256. Nor has the plaintiff offered any contrary authority. Put simply, the nondelegable duty doctrine does not address the issue creitical to a resolution of this case — namely, whether the person to whom the performance of the duty has been contracted (Artymowski) may also be liable. Using the same analyses of foreseeability and public policy, this court cannot say there is an CT Page 2704 impediment to concluding Artymowaki owed to the plaintiff a legal duty to make safe the deck in question. The use to which the deck was put was as intended and Pulver is a foreseeable user. Public policy strongly suggests the contractor be held responsible if the construction of the deck is found to have been negligent. A contrary finding would, under these circumstances, be contrary both to established public policy and the law since it would make the homeowner a guarantor of the performance of the contractor's duty under its contract.
The court denies a prejudgment remedy as to Haslam. A prejudgment remedy attachment issues as to Artymowski in the amount of $200,000. The court grants the plaintiff's oral motion for disclosure of assets as to the apportionment defendant and the plaintiff shall proceed accordingly.
B. J. SHEEDY, JUDGE